UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNY TAYLOR (Presidential Candidate),

                    Plaintiff,

        -against-

PERAGON SECURITY COMPANY; PETTER
SR. RUDOLPH R.; D. CARRIERE,

                    Defendants.

1:23-CV-11001 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Kenny Taylor, who is appearing *pro se*, filed this action invoking the court's

federal question jurisdiction and diversity jurisdiction. Plaintiff sues: (1) "Peragon Security

Company," which appears to be a reference to Paragon Systems Inc. ("Paragon"); (2) "Petter Sr.

Rudolph R.," who Plaintiff alleges is an employee of Paragon; and (3) D. Carriere, who Plaintiff

alleges is another employee of Paragon. He asserts the following as to the federal constitutional

or statutory bases for his claims asserted under the court's federal question jurisdiction: "First

Amendment, 14th Amendment, obstruction of [j]ustice pursuant to 18 U.S.C. 1509 for

interfe[r]ing with the Federal Election Commission process being that [he is] part of the process

to challenge the now incumbent President, Joseph R. Biden." (ECF 1, at 2.) Plaintiff seeks

$15,000,000 in damages, the firing of the two individual defendants, an investigation of Paragon,

and "no more interference with [his] agenda as a presidential candidate." (*Id.* at 6.) The Court

construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42

U.S.C. § 1983, under the court's federal question jurisdiction, as well as claims under state law,

under the court's diversity jurisdiction and the court's supplemental jurisdiction.

        By order dated December 21, 2023, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed in this

order, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that he is a candidate for the office of President of the United States of America. He also alleges that the events that are the bases for his claims occurred on December 15, 2023, at the Jacob K. Javits Federal Building, at 26 Federal Plaza, New York, New York. Plaintiff further alleges that, on that date, he went to that building "to inform[] the [Federal Bureau of Investigation ("FBI")] about the state [and] local authorities[,] as well as the citizens of this State, intefe[r]ing with [his] presidential run for office next year." (ECF 1, at 5.)

Plaintiff alleges that, when he entered 26 Federal Plaza, he "encountered a problem with" the individual defendants, who he alleges are employees of Paragon. He states that he "informed them of [his] status as a presidential candidate[,] [but they] threw [him] out of the building by escorting [him] off and out of the premises." (*Id.*) "They also informed [Plaintiff] that they didn't give a care in the world if [he] was a presidential candidate or not. . . ." (*Id.*)

Plaintiff asserts that the individual defendants "did not, at all, show [him], in his presidential candidate position, [any] respect." (*Id.* at 6.) He further asserts that they "obstructed . . . [his] agenda as well as prevented him from filing a complaint with [the] FBI." (*Id.*)

## DISCUSSION

### A.    Private prosecution

Plaintiff seems to seek the criminal prosecution of the defendants and/or others. If that is the case, the Court must dismiss his claims for such relief. Plaintiff cannot initiate a prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct

prosecutors to initiate a criminal proceeding against anyone because prosecutors possess

discretionary authority to bring criminal actions and they are "immune from control or

interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87

(2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of

others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack

of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of

anyone, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir.

2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter

jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**B.      Claims under 42 U.S.C. § 1983**

The Court understands that Plaintiff is asserting claims, under 42 U.S.C. § 1983, that the

defendants violated his First Amendment right to petition the government by not allowing him to

file a criminal complaint or report with the FBI. *Compare Estate of Brian Patrick Morris v.

Dapolito*, 297 F. Supp.2d 680, 695 (S.D.N.Y. 2004) ("[I]t [is] axiomatic 'that filing a criminal

complaint with law enforcement officials constitutes an exercise of the First Amendment right'

to petition government for the redress of grievances.") (citation omitted), *with Smith v. Hochul*,

568 F. Supp.3d 190, 200-01 (N.D.N.Y. Oct. 26, 2021) ("Under the First Amendment, the Court

sees no difference between a state official preventing the filing of criminal charges and the

absence of a state law authorizing such criminal charges. In neither case is the First Amendment

violated because a private citizen does not have a constitutional right to bring a criminal

complaint against another individual."), *appeal pending*, No. 23-686 (2d Cir.).

To state a claim under Section 1983, a litigant must allege both that: (1) a right secured

by the Constitution or laws of the United States was violated, and (2) the right was violated by a

person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-

49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). A private security officer can be considered to be a state actor, however, if he or she has been deputized with police powers by a State or a municipality. *See Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) (private security officer who was deputized by the City of New York as a Special Police Officer, but employed in a private department store, was considered to be a state actor for the purpose of Section 1983).

In addition, "[p]rivate employers are not liable under § 1983 for the constitutional torts of their [state actor] employees, unless the plaintiff proves that 'action pursuant to official . . . *policy* of some nature caused a constitutional tort.'" *Id.* (citation omitted, emphasis in original). In this context, it is not enough for the plaintiff to allege that one of the private employer's employees or agents engaged in some wrongdoing. The plaintiff must show that the private employer itself caused the violation of the plaintiff's federal constitutional rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of

rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *see also Rojas*, 924 F.2d at 409 ("Although *Monell* dealt with municipal employers, its rationale has been extended to private businesses."). In other words, to state a claim under Section 1983 against a private employer in this context, the plaintiff must allege facts showing: (1) the existence of a private employer's policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

The Court understands that the individual defendants are private security officers employed by Paragon, a private corporation, which appears to have been hired by the federal government to provide security at the Jackob K. Javits Federal Building, at 26 Federal Plaza. As to Plaintiff's claims under Section 1983 against the individual defendants, Plaintiff does not allege facts showing how either of the individual defendants acted as a state actor, such as acting with deputized state or municipal police powers, when he or she allegedly violated Plaintiff's federal constitutional rights by preventing Plaintiff from filing a criminal complaint or report with the FBI. In addition, with respect to his claims under Section 1983 against Paragon in this context, and even assuming that the individual defendants acted as state actors, Plaintiff alleges no facts showing that Paragon violated his federal constitutional rights, including his right to petition the government, by carrying out one of its policies. Accordingly, the Court dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead these claims in an amended complaint; he must allege facts sufficient to state a claim under Section 1983 against at least one of the defendants.

C.      **Claims under state law**

Plaintiff may be asserting additional or alternative claims under state law, including claims of assault and/or battery, arising from the events alleged above. For this reason, the Court will examine whether it can consider such claims under its diversity jurisdiction and its supplemental jurisdiction.

1.      **Diversity jurisdiction**

The original subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has original subject matter jurisdiction only when a "federal question" is presented or, if the plaintiff is asserting claims under state law under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To establish the court's diversity jurisdiction, a plaintiff must first show that he and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if

there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where a person "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* In addition, for diversity purposes, a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

The plaintiff must also allege to a "reasonable probability" that his or her claims under state law are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff alleges that he is a citizen of the State of New York. (ECF 1, at 2.) He does not allege, however, any facts showing the state citizenship of any of the defendants. In addition, Plaintiff does not allege facts sufficient to show that his claims under state law are in excess of the sum or value of $75,000, the statutory jurisdictional amount to invoke this court's diversity jurisdiction. Thus, to the extent that Plaintiff asserts any remaining claims under state law under the Court's diversity jurisdiction, the Court dismisses those claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff leave to replead his claims under state law to allege facts, in an amended complaint, sufficient to show that the Court has diversity jurisdiction of those claims.

2.      **Supplemental jurisdiction**

A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). In addition, "[i]n the absence of diversity jurisdiction, because the Court has dismissed the federal claims brought in this action, it may decline to exercise supplemental jurisdiction pursuant to . . . [Section] 1367(c)(3)." *Golub v. Berdon LLP*, No. 19-CV-10309 (JGK), 2021 WL 637974, at *5 (S.D.N.Y. Feb. 17, 2021). Having dismissed those of Plaintiff's claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of his claims under state law.[1] *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Court dismisses this action for the reasons set forth above. The Court, however, grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified in this order. If Plaintiff fails to file an amended complaint within the time allowed, and he cannot show

---

[1] If Plaintiff files an amended complaint asserting claims under federal law, including claims under Section 1983, under the court's original federal question jurisdiction, as well as claims under state law, under the court's supplement jurisdiction, and if the Court subsequently dismisses all of his claims under federal law, the Court will then decline to consider, under its supplemental jurisdiction, his claims under state law. *See* § 1367(c)(3). The Court cannot, however, decline to consider claims under state law if it has original diversity jurisdiction to consider those claims. *See* § 1332(a).

good cause to excuse such failure, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court not to enter a judgment dismissing this action, at this time, as the Court has granted Plaintiff leave to replead his claims in an amended complaint.

SO ORDERED.

Dated:   January 29, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge